# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Ellis S. Frison, Jr., <u>pro se</u>           :
Lisa A. Frison, <u>pros se</u>              :
Mariah A. Frison, <u>pro se</u>            :
            Plaintiff,         :

         **v.**                              :                    ----------------------------------

Suntree Master Homeowners Association, Inc., :

          **and**                           :

Suntree Master Homeowners Association, Inc., :
Board of Directors                          :

          **and**                           :

Suntree Master Homeowners Association, Inc., :
Appeals Committee                           :

          **and**                           :

Suntree Master Homeowners Association, Inc., :
Enforcement Committee                       :

          **and**                           :

Suntree Master Homeowners Association, Inc., :
SMHA Architectural Review Committee         :

          **and**                           :

ARIAS BOSINGER, PLLC                        :
Suntree Master Homeowners Association, Inc., :
Debt Collector                              :

          **and**                           :

Sonia A. Bosinger, Esquire                  :
Suntree Master Homeowners Association, Inc., :
Attorney                                    :

          **and**                           :

Todd Foley, General Manager                 :
Suntree Master Homeowners Association, Inc., :
         Defendants.        :

2021 SEP 13  PM 3: 24
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
FILED

## <u>VERIFIED COMPLAINT</u>

COMES NOW Ellis S. Frison, Jr., Lisa A. Frison, and Mariah A. Frison (hereinafter

collectively or individually Frison or Plaintiff) pro se, and hereby file this Verified Complaint against Defendant, Suntree Master Homeowners Association, Inc. ("SMHA"), Arias Bosinger, Inc., Debt Collector, and Soria A. Bosinger, Esquire, Todd Foley, General Manager, SMHA, agents if the Board of Directors, Appeals Committee, Enforcement Committee, Architectural Review Committee, for conducting a continuing campaign of harassment fueled by animus actualized by disparate treatment that was intended to deny and which in fact did deny Frison the quiet enjoyment of their home, breached the contractual and fiduciary duty Suntree Master Homeowners Association, Inc. owed Frison as property owners under the clear wording of the governing Declarations of Covenants, Conditions and Restrictions in that community.

## I. JURISDICTION AND VENUE

This is an action brought pursuant Title 42 U.S.C. 3601 et. seq, 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d), 15 U.S. Code § 1692e et seq., 15 U.S.C. §1692g, 15 U.S. Code §1692k(a)(1), et seq, 24 CFR § 100.500 (a), 24 CFR § 100.500 (b), 24 CFR §100.65, 24 CFR § 100.7, 28 U.S.C. § 2461, FS § 100.500 (a) (1), FS §720.3035, et seq., FS §768.72 (1), FS § 817.535(2)(a), F.S.A. § 559.72, et seq., F.S.A. § 559.77, et seq., F.S.A. § 559.78. Venue is proper in the United States District Court for the Middle District of Florida, Orlando, Division under as the Plaintiff resides in Florida and upon information and belief, the Defendants conduct business within the Middle District of Florida.

## II. FLORIDA FINES, LIENS, AND ASSESSMENTS

In 2004 Governor Bush convened a Homeowner's Association Task Force to improve relations between homeowners, homeowners' associations, and other related entities to address this very issue. Exhibit ("Ex.") **1**. The Task Force provided input and made recommendation that changed Florida Statutes limiting what homeowner associations could use as liens against the

2

properties managed by the association.[1]

## III. PARTIES

1. Ellis S. Frison, Jr. ("EFrison") is a seventy-two-year-old African American man,

totally and permanently disabled, Vietnam Veteran forced to re-locate to Florida in 2013 for

---

[1] One of the wrongs the Task Force was asked to address was that homeowner associations were filing fines and fees as liens against homeowners, foreclosing and seizing homes for debts amounting to hundreds of dollars.

The Task Force recommended many changes to the Governor for changes to Florida Law but none more relevant or material than that found at Issue 13, where the Task Force examined "[w]hether an association['s] lien rights on homeowner['s] property should be limited to nonpayment of assessments." In a vote: **9-3** the task force passed a proposal that Florida "[w]ill *no longer allow homeowners' associations to file liens for nonpayment of fines and other fees*."

In 2004 the Florida legislature changed Florida Statute 720.305(2) to read, ". . . [a] fine **shall not become a lien against a parcel"**. The 2004 Task Force found that once a fee or fine was converted to a lien or assessment the homeowner's chance of challenging it in a foreclosure action was all but impossible and was often abandoned. The objective of 2004 FS 720.305(2) was to bar homeowner associations from using the power to "tax" given them by the State in an abusive manner, to deny homeowner due process, or to gentrify neighborhoods, or to unjustly enrich the homeowner association. That simple but unambiguous phrase remained the wording and the law in Florida until 2010 when lobbyist was able to convince lawmakers to change the wording of FS 720.305(2) to read, ". . . [a] fine **of less than $1,000 may not** become a lien against a parcel."

A law that reads, *"a fine less than $1000 **may not become** a lien against a parcel"* **does not mean, without more** "*a fine more than $1000 **may become** a lien against a parcel."*

Homeowner Associations and homeowner obligations and responsibilities are based upon contractual terms existent in the Declarations of Covenants, Conditions and Restrictions governing the community the homeowner buys into and the fiduciary duty that exists between the homeowner and the association by terms of the purchase agreement. Assessments are contractual obligations required in the Declarations and agreed to in purchase documents that obligate the homeowner to pay pro-rated shares of homeowner association's annual debt. Fines and fees are different, and flow from the authority given by the State to tax, discipline and police codified in Florida Statute 720.305(2) and restated in the respective homeowner association's Declaration and Covenants, Conditions and Restrictions. However, this power must yield to the homeowner's right to redress and due process. Therefore, while there is a recognition of permanence to assessments claims such as, "Fines treated as Assessments" or "Fees treated as Assessments" are suspect ab initio. The 2010 wording changed the breadth but not the objective of the 2004 FS 720.305(2) law. Undersigned could find no Florida Statute authorizing *fees or fines to be treated as liens or assessments*.

3

medical treatment at Mayo Clinic. He has undergone several surgeries at Mayo, Viera Hospital, Holms Hospital, Veterans Affairs Hospital at Lake Nona in Orlando, and several day surgical centers in the Viera – Melbourne, Florida area. EFrison is a patient of a local neurologist for debilitating mini-strokes (120 identified to date) and suffers the darker aspects of PTSD.

2. Lisa A. Frison (LFrison") is a fifty-eight-year-old Caucasian-American, who up until 2013 was Mr. Frison's primary caregiver, is now permanently disabled and has undergone several surgical procedures since arriving in Florida. She is now recuperating for a surgical procedure that went wrong leaving her more incapacitated than she was before the procedure. She remains under physicians' care and must undergo a third surgical corrective procedure in September 2021, Covid 19 permitting.

3. Mariah A. Frison ("MFrison") is the twenty-eight-year-old biological daughter, is an Agent Orange baby and suffers from her own set of physical disabilities. Notwithstanding, she is a graduate of UCF and was gainfully employed in Colorado until January 2021, when both parents are incapacitated, and she chose to return home to Florida to serve as her parents' primary and full-time caregiver.

4. At all times relevant to this Complaint, Defendants were corporations operating throughout Florida, and or was a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1), and has regularly used the United States Mail and electronic mail for the purpose providing notice and collection of consumer debts, the plaintiffs identified herein were natural persons, and a "consumer" as that term is defined by Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA and the FDCPA by virtue of being directly affected by

4

violations of the forgoing consumer protection laws. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

5. Suntree Master Homeowner Association Inc. ("SMHA") is a corporate entity chartered by the State of Florida and licensed to operate providing basic level community management services to several communities totaling 4500 homes.  Its Articles of Incorporation are filed in Book 3854, Page 3065 et seq, Public Records of Brevard County, Florida Fifth Amended and Restated Declaration of Covenants, Conditions and will show that Suntree Master Homeowners Association, Inc. is an ongoing enterprise of five or more people who have over a period of several years engaged in a continuing organized business structure with hierarchy, supervisor to worker all sharing in the income received from the enterprise.

6. SMHA, Board of Directors, are members in good standing of the Association elected by the membership in accordance with the Articles of Incorporation, to manage the day-to-day affairs of the Association and who did enforce conduct that discriminates against Frison, and otherwise is a resident of Florida and is *sui juris.*

7. SMHA, Enforcement Committee, are members appointed by the board of Directors and appointed by the Committee Chairperson in accordance with the Articles of Incorporation inspect, rate, enforce homes and grounds to insure consistency and compliance with the standard of good order and repair Suntree requires to insure *high maintenance*, conduct inspections and insure the quality of property care SMHA believe is necessary to keep property values high, and who did enforce conduct that discriminates against Frison, and otherwise is a resident of Florida and is resident of Florida and is *sui juris.*

8. SMHA, Appeals Committee, is responsible for hearing appeals of inspection violation, appeal of fine, or conduct by homeowner, family member, guest, tenant that violate the Suntree

5

Master Declaration of Covenants, Conditions and Restriction or some other governing documents and to render a decision to compel enforcement or to dismiss the fine is resident of Florida and is *sui juris*.

9. SMHA, Architectural Review Committee (ARC) is the sub-committee responsible for approving architectural, construction improvement, or other such plan and specification for the location, size, type, or appearance of any structure or other improvement and is resident of Florida and is *sui juris*.

10. ARIAS BOSINGER, PLLC is a DEBT COLLECTOR employed by SMHA to collect debts, to cloud title, and foreclose properties from Suntree homeowners unwilling or unable to pay the lien, fine or fee levied by the SMHA Board of Directors and is resident of Florida and is *sui juris*.

11. SORIA A. BOSINGER, is an attorney employed by ARIAS BOSINGER, PLLC, DEBT COLLECTOR, to provide legal advice, draft and file legal documents, to represent SMHA before legal forums, and to prosecute the rights and causes SMHA claims its right and is resident of Florida and is *sui juris*.

12. Todd Foley serves as General Manager, Registered Agent and Treasurer for SMHA and signs all **violations** and other adverse decision documents served by the various SMHA committees, is resident of Florida and is *sui juris*.

## IV INSPECTIONS

13. In its governing documents SMHA represents that its conducts inspections of areas in a manner with such frequency as is consistent with good property management. It states the "purpose of the Covenant Enforcement Guidelines, **Ex. 2**, is to establish policy that the Suntree Master Homeowners Association, Inc staff use to enforce Article

6

V for Maintenance program of the Declarations of Covenant, Conditions, and Restrictions of Suntree." **Ex. 3.**

## V THE BEGINNING

14. Frison leased a single-family home, 409 Carmel Drive, Melbourne, Florida 32940 from Michael and Laura Reynolds ("Reynolds") in October 2015, **Ex. 4,** in an area managed by Mission Lakes Villas Homeowners Association. Some neighbors were less than welcoming and voiced their opposition to mixed race couples living under the same roof. As the first-year lease neared its end, agents from Mission Lakes and the SMHA, its governing association suggested to Reynolds that they should not extend the lease for a second year. Reynolds declined the advice. **Ex. 5.** The second-year complaints increased exponentially. Frison and Reynolds received complaints from neighbors, Mission Lakes Villas HOA, SMHA and on one occasion a call was placed to the Brevard County Sheriff's Office alleging an ongoing violent act resulting in deputies responding in force. The commanding officer on the scene and Frison discussed how that situation could have gone very wrong.

15. In February 2017 Suntree Master informed Reynolds they could only lease their 409 Carmel Drive property for a total of thirty-six months during the life of ownership in Suntree. The SMHA Declarations of Covenants, Conditions and Restrictions does not limit the lease period to thirty-six months.

16. October 2017, Mission Lakes Villas HOA served Reynolds a letter setting conditions for any extension of Frison lease. **Ex. 6.** Reynolds provided Frison the letter. Frison responded. **Ex. 7.** Suntree Master allowed the lease to proceed.

17. In August 2018, Frison's real estate agent located parcel 1020 Lennox Way, Melbourne, FL 32940. The photo, **Ex. 8,** depicts the property as it appeared in September 2018,

one (1) month before purchase. Prior to purchase, Frison requested: (a) identity of the homeowner association, (b) a report as to any existing homeowner association issues, penalties, fines, or liens and (c) if there were any other mixed-race families in the community. Frison was told that the property was managed by the Waterford Place HOA, there were no outstanding homeowner association issues and there was one other mixed-race family on Fostoria approximately 40 meters from 1020 Lennox Way, husband Caucasian American, wife, African American.

18. A month later, October 2018, Frison purchased their home. At closing the agent informed them that while Waterford Place was there local HOA, Suntree Master Homeowner Association, Inc. was the governing organization. **Ex. 9.**

**Count I**

19. Frison adopts and incorporates herein facts common to all causes of action, paragraphs 1 through 18 as if fully set forth below. On October 17, 2018, Suntree Master Homeowner Association, Inc. ("SMHA") served Frison a *courtesy notification* hereinafter **inspection violation, Ex. 10**, titled:

**Lawn Distressed: Front lawn is distressed.**

20. The **inspection violation** referenced *ARTICLE V. PARAGRAPH 1*, and the *COVENANT ENFORCEMENT GUIDELINES* as the authority for the inspection but a reading of the documents finds no guidance as to how the reasonable person could use the documents to inspect or to reach such a determination. Nor does a reading of the SMHA Declarations of Covenants, Conditions and Restrictions provide any guidance as to the inspection or the violation.

21. Frison wrote Suntree Board of Directors, **Ex. 11, Ex. 11A – Ex. 11G. DENIED** that

8

their lawn violated Suntree Declaration, Covenants, Conditions, Restrictions, asked to be provided the **AUTHORITY** Suntree Master Homeowner Association, Inc relied on to levy the inspection violation.

22. Suntree Master Homeowner Association, Inc. did not respond to Frisons' request.

**23. On or about June 12, 2019, SMHA served Frison an inspection violation titled:**

**Roof: Entire roof has mold and/or stains**

**Ex. 12.** The **inspection violation** referenced *ARTICLE V. PARAGRAPH 1*, and the *COVENANT ENFORCEMENT GUIDELINES* but neither document provides any **authority** for or explanation as to how the inspection **decision** was reached. On June 18, 2019, Frison wrote SMHA Board of Director agent, Mr. Todd Foley, **DENIED** their roof had mold or stains and provided a copy of the Veteran Affairs ("VA") inspection of their home. **Ex. 13, Ex. 13A – Ex. 13E.**

24. SMHA answered Frison, by way of e-mail dated July 15, 2019, **Ex. 14**, from Mr. Todd Foley, General Manager, and SMHA Registered Agent. Therein he **ADMITTED:**

> I think you might be **CONFUSED** . . . regarding the **SCOPE** of Subtree's **INSPECTION** . . . The **SUNTREE INSPECTION IS** specifically, an **AESTHETIC** inspection . . ..
> Suntree . . . **DID NOT SPECIFICALLY NOTE** . . . [the cause]
> [W]e **SUGGESTED** the **CAUSE** . . . **YOU MUST** determine the **TRUE CAUSE** [and] **CORRECT** . . . according to the **CAUSE YOU DETERMINE** (bold caps added)

25. On July 21, 2019, Frison responded to Mr. Foley, **Ex. 15,** charged that SMHA had no authority in the Declaration of Covenants, Conditions and Restrictions to conduct aesthetic inspections of their property and the **inspection violation** could not be justified.

**WHEREFORE,** Frison prays this Honorable Court enter judgment against SMHA and its Board of Directors jointly and severally in their official and personal capacity for subjecting

Frison to different procedures, conditions, standard, and penalties for property inspections than that applied to other managed properties. That difference violates 24 CFR §100.65, et seq. Frison prays this Honorable Court enter an Order requiring the Suntree Masters Homeowners Association, Inc., the Board of Directors, in their official and individual capacity, and Mr. Todd Foley in his official and individual capacity **PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory damages, compensatory damages, punitive damages, costs and provide other relief the court finds appropriate.

## Count II

26. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 25 as if fully set forth below. On July 25, 2019, SMHA BOD served a:

### NOTICE OF POSSIBLE IMPOSITION OF A COVENANT ENFORCEMENT FINE,

#### Roof: Entire roof has mold and/or stains

**Ex. 16.** The notice read in part:

> *The previously cited violation was not corrected by the deadline established in the courtesy notice that you recently received. Please be advised that in accordance with the Covenants and Florida Statutes, the **Suntree Master Homeowners Association Board of Directors** has levied a fine of $12.00 /day as required by their 3/5/2018 Board Resolution beginning on August 23, 2019.*

27. Frison's response to SMHA BOD dated July 30, 2019, **Ex. 17**, denying the **violation** and the **imposition of fines** provided SMHA BOD a roof inspection, conducted by JA Edwards of America, Inc., **Ex. 17A**, that concluded "**Streaks on roof are not mold but from exhaust /ridge vents.** Frison asked SMHA BOD to withdraw the courtesy notification (**violation and fines).** As of this filing, SMHA BOD has not responded to this request.

**WHEREFORE,** SMHA BOD levied a fine alleging Frison's **roof** failed an **aesthetic inspection** administered by SMHA inspectors who reported what they saw as "Roof: Entire roof

has mold / or stains". SMHA has no authority specifically stated or reasonably inferred . . . in the

Declarations of Covenants, Conditions and Restrictions or Covenant Enforcement Guidelines

that could produce the result: **Roof: Entire roof has mold and/or stains.** The violation as

written violates

FS §720.3035(1) and Frison prays this Honorable Court enter an Order requiring the Suntree

Masters Homeowners Association, Inc., the Board of Directors, in their official and individual

capacity, and Mr. Todd Foley in his official and individual capacity **PAY** Ellis S. Frison, Lisa A.

Frison and Mariah A. Frison statutory damages, compensatory damages, punitive damages, costs

and provide other relief the court finds appropriate.

<u>**Count III**</u>

28. Frison adopts and incorporates herein the facts common to all causes of action,

paragraphs 1 through 27 as if fully set forth below. In an **inspection violation** dated 8/22/2019,

**SMHA APPEALS COMMITTEE** served an **APPEALS COMMITTEE DECISION, Ex. 18,**

which read in part:

> The Committee met and **reviewed your case** regarding **Roof - Entire roof has
> mold and / or stains . . .** [t]he **Committee agreed** that the **violation still exists**
> and **confirmed the levied fine of $12.00 per day effective August 23, 2019,**
> until **the violation is cured.**

29. Frison by letter, dated August 26, 2019, **Ex. 19,** reminded SMHA BOD of the

evidence provided that challenge the authority under the Declarations of Covenants, Conditions

and Restrictions to inspect, violate, and levy fines. Frison asked SMHA BOD to "cease and

desist" their inspections, fines and other adverse actions and argued that there was irrefutable

evidence that there was no mold, mildew, or stains. SMHA had not provided a picture, nor a

**WHEREFORE, SMHA APPEALS COMMITTEE** confirmed the fine imposed by the

SMHA BOD, $12.00 per day violates FS §720.3035(1).  Frison prays this Honorable Court enter

an Order requiring the Suntree Masters Homeowners Association, Inc., and the APPEALS

COMMITTEE, be held jointly and severally liable, and that this Honorable Court Order them to

**PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory damages, compensatory

damages, punitive damages, costs and provide other relief the court finds appropriate. As of this

filing, Frison has not received any response from SMHA.

### Count IV

30. Frison adopts and incorporates herein the facts common to all causes of action,

paragraphs 1 through 29 as if fully set forth below. On October 27, 2019, Frison contracted Andy

Pressure Cleaning Company to inspect their roof. **Ex. 21**. Andy found, and will testify that there

was no mold, mildew, or stains on the roof. There was debris, dirt, some leaves. Andy power

washed Frison's roof clean of debris. See photos taken of Frison's roof. **Ex. 21A - Ex. 21I**.

31. SMHA lacked published authority to enforce the fine, ***Roof – Entire Roof has Mold
and / or stains***.

**WHEREFORE, SMHA APPEALS COMMITTEE** confirmed the fine imposed by the

SMHA BOD, $12.00 per day violates FS §720.3035(1), FS §720.3035(1), FS §720.3035(5), and

F.S.A. § 559.72 (9) for attempting while knowing the debt was not legitimate.  Frison prays this

Honorable Court enter an Order requiring the Suntree Masters Homeowners Association, Inc.,

and the APPEALS COMMITTEE, be held jointly and severally liable, and that this Honorable

Court Order them to **PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory

damages, compensatory damages, punitive damages, costs and provide other relief the court

finds appropriate. As of this filing, Frison has not received any response from SMHA.

### Count V

32. Frison adopts and incorporates herein the facts common to all causes of action,

paragraphs 1 through 31 as if fully set forth below. In January 2020, the SMHA Board of

Directors used the United States Mail to serve Frison a billing listing **Fines for stains on the**

**roof**: **Ex. 22.**

| Code | Date | Amount | Balance | Memo |
|------|------|--------|---------|------|
| Fines | 9/9/2019 | 108.00 | 108.00 | **stains on the roof** (8-23/8-31-19) |
| Fines | 10/15/2019 | 360.00 | 468.00 | **stains on the roof** (9-1/9-30-19) |
| Fines | 11/4/2019 | 372.00 | 840.00 | **stains on the roof** (10-1/10-31-19) |
| Fines | 12/10/2019 | 360.00 | 1200.00 | **stains on the roof** (11-1/11-30/19) |
| Assessment: | | 233.00 | | 2020 Annual Assessment |
| Payment: | | -233.00 | | SMH_01062020_4092.PMT Paid as Agreed |
| Fines | 1/9/2020 | 372.00 | 1572.00 | **stains on the roof** (12-1/12-31-19) |

33. From 8/23/2019 – 12/31/2019, SMHA Board of Directors ("BOD") levied 130

separate fines against Frison alleging **stains on the roof.** Under the Declaration of Covenants,

Conditions and Restrictions, *Section 15, each violation is considered separate and independent,*

which makes each billing a separate violation, allegation, and adjudication. FS §559.77(2).[7]

Frison wrote SMHA on January 11, 2020. **Ex. 23** questioning the authority for levying fines for

stains on the roof, and where it can be found in the Declarations of Covenants, Conditions and

Restrictions.

     **WHEREFORE, SMHA** BOD published the fines levied despite Frison's challenge to

the inaccuracy and lack of authority at the Declaration of Covenants, Conditions and Restrictions

to inspect, enter violations, and levy fines. SMHA BOD ignored its contractual and fiduciary

duty to process Frison's complaints as it would any other property owner.  Frison prays this

Honorable Court enter an Order requiring the Suntree Masters Homeowners Association, Inc.,

and the APPEALS COMMITTEE, be held jointly and severally liable, and that this Honorable

---

[7]Id.

Court Order them to **PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory

damages, compensatory damages, punitive damages, costs and provide other relief the court

finds appropriate. As of this filing, Frison has not received any response from SMHA.

**Count VI**

34. Frison adopts and incorporates herein the facts common to all causes of action,

paragraphs 1 through 33 as if fully set forth below. In February 2020, SMHA used the United

States Mail to serve Frison a billing listing **Fines for stains on the roof**: **Ex. 24.**

| Code | Date | Amount | Balance | Memo |
|------|------|--------|---------|------|
| Fines | 9/9/2019 | 108.00 | 108.00 | **stains on the roof** (8-23/8-31-19) |
| Fines | 10/15/2019 | 360.00 | 468.00 | **stains on the roof** (9-1/9-30-19) |
| Fines | 11/4/2019 | 372.00 | 840.00 | **stains on the roof** (10-1/10-31-19) |
| Fines | 12/10/2019 | 360.00 | 1200.00 | **stains on the roof** (11-1/11-30/19) |
| Assessment: | | 233.00 | | 2020 Annual Assessment |
| Payment: | | -233.00 | | SMH_01062020_4092.PMT Paid as Agreed |
| Fines | 1/9/2020 | 372.00 | 1572.00 | **stains on the roof** (12-1/12-31-19) |
| Fines | 2/6/2020 | 372.00 | 1944.00 | **stains on the roof** (1-1/1-31-20) |

35. From 9/0/2019 – 2/6/2020, SMHA Board of Directors ("BOD") levied 160 separate

fines against Frison alleging **stains on the roof.** Under the Declaration of Covenants, Conditions

and Restrictions, *Section 15, each violation is considered separate and independent,* which

makes each billing a separate violation, allegation, and adjudication. FS §559.77(2). Frison

wrote SMHA and DENIED that SMHA had authority to levy the 160 fines for **stains on the**

**roof.** Frison disputed the legitimacy of fines arguing the billing violated FS § 817.535(2)(a), and

FS §720.3035(1).

**WHEREFORE, SMHA** BOD published the fines levied despite Frison's challenge to

the inaccuracy and lack of authority at the Declaration of Covenants, Conditions and Restrictions

to inspect, enter violations, and levy fines. SMHA BOD ignored its contractual and fiduciary

duty to process Frison's complaints as it would any other property owner.  Frison prays this

Honorable Court enter an Order requiring the Suntree Masters Homeowners Association, Inc.,

and the Board of Directors, be held jointly and severally liable, and that this Honorable Court

Order them to **PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory damages,

compensatory damages, punitive damages, costs and provide other relief the court finds

appropriate. As of this filing, Frison has not received any response from SMHA.

### Count VII

36. Frison adopts and incorporates herein the facts common to all causes of action,

paragraphs 1 through 35 as if fully set forth below. On 02/20/2020, SMHA issued a **violation**

from the **Aesthetic** inspection titled:

*Driveway: Driveway /Apron and /or Walkway / sidewalk have mold and /or stains*

**Ex. 25.**

37. In March 2020, SMHA used the United States Mail to serve Frison a billing listing

**Fines for stains on the roof: Ex. 26.**

| Code | Date | Amount | Balance | Memo |
|------|------|--------|---------|------|
| Fines | 9/9/2019 | 108.00 | 108.00 | **stains on the roof** (8-23/8-31-19) |
| Fines | 10/15/2019 | 360.00 | 468.00 | **stains on the roof** (9-1/9-30-19) |
| Fines | 11/4/2019 | 372.00 | 840.00 | **stains on the roof** (10-1/10-31-19) |
| Fines | 12/10/2019 | 360.00 | 1200.00 | **stains on the roof** (11-1/11-30/19) |
| Assessment: | | 233.00 | | 2020 Annual Assessment |
| Payment: | | -233.00 | | SMH_01062020_4092.PMT Paid as Agreed |
| Fines | 1/9/2020 | 372.00 | 1572.00 | **stains on the roof** (12-1/12-31-19) |
| Fines | 2/6/2020 | 372.00 | 1944.00 | **stains on the roof** (1-1/1-31-20) |
| Fines | 3/10/2020 | 348.00 | 2992.00 | **stains on the roof** (2-1/2-29-20) |

38. From 9/0/2019 – 3/10/2020, SMHA Board of Directors ("BOD") levied 189 separate

fines against Frison alleging **stains on the roof.** Under the Declaration of Covenants, Conditions

and Restrictions, *Section 15, each violation is considered separate and independent,* which

makes each billing a separate violation, allegation, and adjudication. FS §559.77(2). Frison DENIED that SMHA had authority to levy fines for **stains on the roof and** disputed the legitimacy of billing violated FS § 817.535(2)(a), and FS §720.3035(1).

**WHEREFORE, SMHA** BOD published the fines levied despite Frison's challenge to the inaccuracy and lack of authority at the Declaration of Covenants, Conditions and Restrictions to inspect, enter violations, and levy fines. SMHA BOD ignored its contractual and fiduciary duty to process Frison's complaints as it would any other property owner.  Frison prays this Honorable Court enter an Order requiring the Suntree Masters Homeowners Association, Inc., and the Board of Directors, be held jointly and severally liable, and that this Honorable Court Order them to **PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory damages, compensatory damages, punitive damages, costs and provide other relief the court finds appropriate. As of this filing, Frison has not received any response from SMHA.

**Count VIII**

40. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 42 as if fully set forth below. On April 4, 2020, frustrated, Frison filed a complaint with the Florida Commission on Human Relations. On April 17, 2020, the Florida Commission on Human Relations served a NOTICE OF RECEIPT OF COMPLAINT. **Ex. 27**.

41. On or about May 11, 2020, SMHA served NOTICE that:

**Violation Closed – Fines Owed**

Thank you for the work you did to bring you violation **Roof   -Entire roof has mold and/or stains**. Into compliance. However, you have an outstanding balance in the amount of **$2500** in fines for the above violation. Payment is due upon receipt.

**Ex. 28.**

49. On or about May 14, 2020, agents from Florida Commission on Human Relations **CLOSED** Frison case against SMHA stating that Frison **ADMITTED** their roof was stained. Frison gave NOTICE that the Florida Commission on Human Relations had misrepresented him, he never stated his roof had stains, in fact he has always argued the opposite. Florida Commission on Human Relations had a problem hearing Frison, which seemed systemic. **Ex. 29.**

**WHEREFORE, SMHA** BOD after being made aware that Frison intended to pursue this ongoing dispute beyond the gates of Suntree Masters area of control, decided to close the matter but to keep the fine already levied. Frison remains of the opinion that the fines are not legal. Therefore, in collecting consumer debts, SMHA shall not claim or attempt to enforce a debt when such . . . knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. F.S.A. §559.72 (9). SMHA BOD did so for the $2500 and Frison prays this Honorable Court enter an Order requiring the Suntree Masters Homeowners Association, Inc., and the Board of Directors, be held jointly and severally liable, and that this Honorable Court Order them to **PAY** Ellis S. Frison, Lisa A. Frison and Mariah A. Frison statutory damages, compensatory damages, punitive damages, costs and provide other relief the court finds appropriate. As of this filing, Frison has not received any response from SMHA.

## Count IX

50. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 50 as if fully set forth below. On December 16, 2020, Arias Bosinger, Debt Collector, served Frison a billing titled:

### NOTICE OF INTENT TO RECORD A CLAIM OF LIEN

Ex. 30.

| | |
|---|---|
| **Fines Treated as Assessments** (8/23/2019 – 12/16/2020) | $2500.00.[8] |
| **Attorney's fees** | $175.00. |
| **Mailing costs** | $10.00. |
| **Other costs** | <u>$10.00.</u> |
| **TOTAL OUTSTANDING** | $2695.00. |

51. At all times relevant, Arias Bosinger was a debt collector, and the **NOTICE OF**

**INTENT TO RECORD A CLAIM OF LIEN** is a "debt" that Arias Bosinger was collecting

for Suntree Master Homeowners Association, Inc. Board of Directors.

52. Frison sent Suntree Board of Directors and Arias Bosinger, Debt Collector a

**Validation letter**, dated December 25, 2020. **Ex. 31.**

**WHEREFORE**, the billing by Arias Bosinger violates Title15 U.S.C. §1692a (5), 15

U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 (9), F.S.A. § 559.77 (2), FS §

817.535(2)(a), FS §720.3035(1), and FS §720.3035(5). Frison prays this Honorable Court enter

judgment against SMHA, and the SMHA BOD, individually and severally in their official and

personal capacity and Arias Bosinger, PLLC individually in its role as debt collector and

---

[8]F.S. §720.3075. An association may levy reasonable fines. ***A fine may not exceed $100 per violation*** against any member or any member's tenant, guest, or invitee for the failure of the owner of the parcel or its occupant, licensee, or invitee to *comply with any provision of the declaration, the association bylaws, or reasonable rules of the association <u>unless otherwise provided in the governing documents.</u> <u>A fine</u> may be levied by the board for each day of a continuing violation, with a single notice and opportunity for hearing, except that the fine <u>may not exceed $1,000 in the aggregate unless otherwise provided in the governing documents. A fine of less than $1,000 may not become a lien against a parcel. In any action to recover a fine,</u> the prevailing party is entitled to reasonable attorney fees and costs . . . (b) A fine or suspension levied by the board of administration may not be imposed unless the board first provides at least 14 days' notice to the parcel owner and . . . If the committee, by majority vote, does not approve a proposed fine . . . the proposed fine . . . may not be imposed . . . (3)<u>*If a member is more than 90 days delinquent in paying any . . . fine*</u> . . . the association . . . may suspend the rights of the member . . . until the . . . fine . . . is paid in full. (4) <u>**An association may suspend the voting rights of a parcel member for the nonpayment of . . . fine . . . that is more than 90 days delinquent***</u>. **[FINES REMAIN – NO MENTION OF CONVERSION TO ASSESSMENT. IT WOULD SEEM THAT FLORIDA STATUTES ANTICIPATE FINES REMAINING AND HOMEOWNERS HAVING THE RIGHT TO CHALLENGE THE SAME FOR AN EXTENDED PERIOD OF TIME].**

ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

## Count X

53. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 52 as if fully set forth below. On February 11, 2021, SMHA served Frison a violation titled:

### Weed: Weeds in rear beds

**Ex. 32**. Upon reading the violation, and the SMHA Declaration of Covenants, Conditions and Restrictions, Frison could find nothing titled **Weed: Weeds in rear beds**. Also problematic is that the **violation** only evidence is a picture taken from 35 feet away which provides no indication as to type, height, or description of **Weed: Weeds in rear beds.**

54. There are as many as 600 plants on Florida's regulated plant list. Weeds in the rear beds without more is not a reasonable violation and not a violation in print in any Declaration of Covenants, Conditions and Restrictions posted by SMHA BOD.

**WHEREFORE**, SHMA BOD continues to hold Frison's property to a different inspection standard than that extended to other properties managed by SMHA, Frison prays this Honorable Court enter judgment against SMHA, and the SMHA BOD, individually and severally in their official and personal capacity and Arias Bosinger, PLLC individually in its role as debt collector and ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

## Count XI

55. Frison adopts and incorporates herein the facts common to all causes of action,

paragraphs 1 through 54 as if fully set forth below. On March 10, 2021, Debt Collector Arias

Bosinger served Frison:

## REVISED NOTICE OF INTENT TO RECORD A CLAIM OF LIEN

**Ex. 33.**

| | |
|---|---|
| **Assessments** (1/1/2021 – 3/10/2021) | $233.00 |
| **Insurance Deductible)** (10/22/2020 – 1/15/2021) | $7500.00 |
| **Fines Treated as Assessments** (9/9/2019 – 4/6/2020) | $2500.00[9] |
| **Interest** (1/1/2021 – 3/10/2021) | $7.48 |
| **Late fees** | $25.00 |
| **Attorney's fees** | $400.00 |
| **Mailing costs** | $20.00 |
| **Other costs** | <u>$185.00</u> |
| **TOTAL OUTSTANDING** | $10,870.48 |

56. At all times relevant, Arias Bosinger was a debt collector, and the **CLAIM OF LIEN**

is a "debt" that Arias Bosinger was collecting a debt for Suntree Master Homeowners

Association, Inc. Board of Directors.

57. Frison sent the Suntree Board of Directors and Arias Bosinger, Debt Collector a

**Validation letter**, dated March 15, 2021. **Ex. 34**. As of this filing neither SMHA nor Arias

Bosinger have responded to the Validation letter.

**WHEREFORE**, the billing by Arias Bosinger violates Title15 U.S.C. §1692a (5), 15

U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 (9), F.S.A. § 559.77 (2), FS §

817.535(2)(a), FS §720.3035(1), and FS §720.3035(5), Frison prays this Honorable Court enter

judgment against SMHA, and the SMHA BOD, individually and severally in their official and

personal capacity and Arias Bosinger, PLLC individually in its role as debt collector and

---

[9] See Footnote 8 incorporated herein by reference. The initial entry read: **Fines Treated as Assessments Stains of the Roof (8/23/2019 – 12/16/2020)** . . . . . . . $2500 At the revised notice it reads: **Fines Treated as Assessments (9/9/2019 – 4/6/2020)** . . . . . . . . . . . . . . . . . . . . $2500

ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

### Count XII

58. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 57 as if fully set forth below. On April 15, 2021, SMHA issued the violation of its Aesthetic inspection titled:

***Driveway: Driveway /Apron and /or Walkway / sidewalk have mold and /or stains***
**Ex. 35.** Frison's response letter dated April 20, 2021, **Ex. 36**, questioned the violation, provided a picture of the driveway, **Ex. 36A**, as it appeared when they purchased the home to show it had not changed over the years, and that the Waterford Homeowners Association had no problems with it. Frison mailed SMHA BOD a second response dated April 27, 2021. **Ex. 37.**

**WHEREFORE**, SMHA denied Frison rights due property owners and enforced restrictions in a manner inconsistent with the rights and privileges extended to other property owners in a manner that restricted Frison exercise and enjoyment of rights guaranteed all property owners under State and Federal Law. Frison prays this Honorable Court enter judgment against SMHA, and the SMHA BOD holding each individually and severally violated Title15 U.S.C. §1692a (5), 15 U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 (9), F.S.A. § 559.77 (2), FS § 817.535(2)(a), FS §720.3035(1), and FS §720.3035(5) and that the court ORDER each PAY Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

### Count XIII

**62. On May 19, 2021, the SMHA responded with two (2) letters:**

    a. **Ex. 38**, read in pertinent part:

21

(1) [t]hank you for contacting the office

(2) explaining the material finish on the driveway

(3) [w]e . . . apologize for the misstatement "driveway paint is faded or peeled"

Rather than "driveway is discolored or stained."

(4) *[a]s you know we are not allowed to enter a homeowner's property*

(5) *all inspections are made from the street*

(6) our records showed that the drive was to be painted in 2018.[10]

b. **Ex. 39, The revised violation in pertinent part:**

**Driveway: "driveway is discolored or stained"**

63. Frison wrote SMHA BOD, a letter dated May 25, 2021, **Ex. 40**, and provided the

MOD-ARC plan to repair the driveway. **Ex. 40A – Ex. 40D.**

**64. On June 28, 2021, SMHA served Frison NOTICE titled:**

**NOTICE OF POSSIBLE IMPOSITION OF A CONVENANT ENFORCEMENT FINE**

**Driveway: "driveway is discolored or stained"**

**Ex. 41.**

**The previously cited violation was not corrected by the deadline established the . . . Board of Directors has levied a fine of $12.00 day as required by their 11/4/2019 Board Resolution beginning on July 23, 2021.**

65. The SMHA BOD did not provide evidence of an inspection, authority for an

Aesthetic inspection, or to conduct a different inspection protocol for different properties

managed by SMHA.

**WHEREFORE,** SMHA denied Frison rights due property owners and enforced

restrictions in a manner inconsistent with the rights and privileges extended to other property

owners in a manner that restricted Frison exercise and enjoyment of rights guaranteed all

---

[10] Homeowners association does not tell homeowner when to paint the driveway.

property owners under State and Federal Law. Frison prays this Honorable Court enter judgment against SMHA, and the SMHA BOD holding each individually and severally violated Title15 U.S.C. §1692a (5), 15 U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 (9), F.S.A. § 559.77 (2), FS § 817.535(2)(a), FS §720.3035(1), and FS §720.3035(5) and that the court ORDER each PAY Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

**Count XIV**

66. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 65 as if fully set forth below. On June 29, 2021, Arias Bosinger, Debt Collector served a NOTICE titled:

**NOTICE OF INTENT TO FORECLOSE CLAIM OF LIEN**

Ex. 42.

| | |
|---|---|
| **Assessments** (1/1/2021 – 6/29/2021) | $233.00[11] |
| **Insurance Deductible)** (10/22/2020 – 1/15/2021) | $7500.00 |
| **Fines Treated as Assessments** (9/9/2019 – 4/6/2020) | $2500.00[12] |
| **Interest** (1/1/2021 – 3/10/2021) | $19.69 |
| **Late fees** | $25.00 |
| **Attorney's fees** | $725.00 |
| **Mailing costs** | $30.00 |
| **Other costs** | $249.00 |
| **Release of Claim of Lien** | <u>$50.00</u> |
| **TOTAL OUTSTANDING** | $11,332.44 |

67. At all times relevant, Arias Bosinger was a debt collector, and the **CLAIM OF LIEN** is a "debt" filed by Arias Bosinger on behalf of SMHA Board of Directors. Frison filed a debt

---

[11] The original dates were 1/1/2021 – 3/10/2021 now reads 1/1/2021 – 6/29/2021 . . . . . . . . . . . . . . . . . $233.00

[12] See Footnote 9 incorporated herein by reference.

validation letter with Suntree Board of Directors and Arias Bosinger, dated July 4, 2021, **Ex. 43**. As of this filing neither SMHA nor Arias Bosinger have responded to the Validation letter.

**WHEREFORE**, the billing by Arias Bosinger violates Title15 U.S.C. §1692a (5), 15 U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 (9), F.S.A. § 559.77 (2), FS § 817.535(2)(a), FS §720.3035(1), and FS §720.3035(5), Frison prays this Honorable Court enter judgment against SMHA, and the SMHA BOD, individually and severally in their official and personal capacity and Arias Bosinger, PLLC in its role as debt collector and ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

## Count XV

68. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 67 as if fully set forth below. On June 29, 2021, SMHA Board of Directors, SMHA General Manager Todd Foley, and Sonia A. Bosinger, Esquire, Arias Bosinger, PLLC drafted, signed, and filed in the records of the Brevard County Court a:

## NOTICE AND CLAIM OF LIEN

Ex. 44.

WHEREFORE, SMHA Board of Directors, directed, and SMHA General Manager Todd Foley, and Sonia A. Bosinger, Esquire, Arias Bosinger, PLLC acting with the intent to defraud, filed the Notice and Claim of Lien in the records of the Brevard County Court containing materially false, fraudulent statements and representations that purports to affect Frison's interest in the property at 1020 Lennox Way, Melbourne, FL 32940 and in doing so violated Title15 U.S.C. §1692a (5), 15 U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 **(9)**, F.S.A. § 559.77 (2), FS § 817.535(2)(a), FS §720.3035(1), and FS §720.3035(5). Frison prays this

Honorable Court enter judgment against SMHA, the SMHA BOD, individually and severally, in their official and personal capacity, against Sonia A. Bosinger, Esquire in her official and individual capacity, and against Arias Bosinger, PLLC and ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

## Count XVI

69. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 68 as if fully set forth below and state on July 8, 2021, CALIBER HOME LOANS notified Frison of:

### CONDITIONAL APPROVAL FOR MORTGAGE LOAN #9716835328

$404,627.00 at 2.25% - 30 year fixed, down from 3% - 30 year fixed. **Ex. 45.**

70. On July 10, 2021, the conditional was removed, and the loan was approved. **Ex. 46.**

71. On July 21, 2021, Caliber Home Loans notified Frison:

Caliber Home Loans is unable to proceed with the refinance of the property located at 1020 Lennox Way Melbourne, Florida 32940-1514 at this time due to a lien filed by SUNTREE MASTER HOMEOWNERS ASSOCIATON, INC. dated June 29, 2021, in the amount of $11,147.00. Caliber Home Loans will require Ellis Frison to be released from this judgment before proceeding with the refinance process.

**Ex. 47.**

72. On July 26, 2021, SMHA served Frison an **APPEALS COMMITTEE DECISION** which read in part:

The Committee met and reviewed your case regarding: Driveway – "driveway is discolored or stained". The Committee agreed that the violation still exists and confirmed the levied fine $12.00 per day effective July 23, 2021, until the violation is cured.

**Ex. 48.** Frison responded to the APPEALS COMMITTEE, provided a copy of the completed

project, provided a copy of the PAVER PRO CURBPTO receipts of payment completion, and

pictures of completion project.

**73. In a letter dated July 29, 2021, Ex. 49, Ex. 49A, CALIBER HOME LOAN**

**provided Frison the following NOTICE:**

> Thank you for your application for a mortgage loan with Caliber Home Loans,
> Inc. You request was carefully considered, and we regret to inform you **we are**
> **unable to approve you application** at this time.[13]

**74. In a notice dated August 12, 2021, Ex. 50, the SMHA Board of Directors, by and**

**through its agent Mr. Foley gave NOTICE:**

**Violation Closed – Fines Owed**

**Thank you for the work that you did to bring your violation**

**Driveway – "driveway is discolored or stained"**

**into compliance.**

**However, you have an outstanding balance . . . $252.00**

**75. On August 12, 2021, SMHA served a violation on Frison titled:**

**Plants: Plants in rear beds need pruned.**

**Ex. 51.**

76. SMHA BOD agents admitted that they do not enter onto Frison's property to inspect,

but that they conduct Aesthetic inspections from the street. In inspecting Frison's property this

would mean observing growth 25-40 feet away and determining whether it was a flower of a

weed. The inspection does not identify the beds, the plants that need to be pruned or the standard

of proper pruning. However, the "Plants" pictured are Florida-friendly, planted by the developer

for ecological and meteorological reasons. The "plants" that SMHA inspectors want pruned are a

mixture of bamboo and elephant ear, which in addition to providing a habitat for wildlife, serve

---

[13] CALIBER services Frison's mortgage at 3% fixed for 30 years and has done so for the past two years. There has
never been a missed payment or late payment and CALIBER assured Frison a refinance to a lower rate before
Suntree encumbered the mortgage. CALIBER is not concerned about Suntree attempting to foreclose the mortgage
thereby causing CALIBER concern about retaining the loan.

as a windbreak during storms and periods of high wind, it helps control flooding by water absorption during rainstorms, minimizes run off and soil erosion, increases water absorption and helps to channel water in a direction that is geologically and aesthetically helpful.

**WHEREFORE**, the August 12, 2021, violation **Plants: Plants in rear beds need pruned** is itself a violation of FS § 720.3075(4(a), and a continuing violation of Title15 U.S.C. §1692a (5), 15 U.S. Code § 1692e (5), 15 U.S.C. §1692g, F.S.A. § 559.72 (9), F.S.A. § 559.77 (2), FS § 817.535(2)(a), FS §720.3035(1), and FS §720.3035(5). Frison prays this Honorable Court enter judgment against SMHA and the SMHA BOD, individually and severally, in their official and personal capacity, and ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

### Count XVII

77. Frison adopts and incorporates herein the facts common to all causes of action, paragraphs 1 through 76 as if fully set forth below. Despite the fact, that Frison submitted an **ARC** application, **Ex. 40 – Ex. 40D** to repair their driveway, and notwithstanding the fact that SMHA Board of Directors approved the **ARC** application, and approved the repairs, evidenced by the **AUGUST 15, 2021, NOTICE, Ex. 50**, which reads:

### Violation Closed – Fines Owed

On August 17, 2021, the SMHA Architectural Review Committee served Frison a **violation, Ex. 52**, titled:

**Unapproved Improvements: Driveway work without ARC approval – pavers**

The **violation** reads in pertinent part, "[t]his letter is being sent to you as a courtesy notification . . . on **08/17/2021**, we noticed an issue . . . [i]n the event that you do not voluntarily correct the

27

issue . . . be advised this is a violation of the Suntree documents.

> **ARTICLE V. SECTION 5**: *"An application must be submitted to the ARC for any proposed construction, improvement, changes modifications, alterations or otherwise to a lot or the exterior of a home on a lot.*

**WHEREFORE**, the SMHA ARC Committee issued a **violation** for Frison completing a repair that the SMHA Board of Directors mandated Frison complete, and once completed reported the violation to be brought **"into compliance"** and closed the case.

**WHEREFORE**, research of Brevard County records shows that SMHA did not file changes to its Declarations of Covenants, Conditions and Restrictions during the period 2004 – 2010, to accommodate the 2004 the FS 720.305(2) change that ". . . [a] fine **shall not** become a lien against a parcel" and **on information and belief,** absent court intervention, SMHA will not act to correct the violations outlined herein.

**WHEREFORE**, service of the **08/17/2021 violation** left Frison no option but to file the **NOTICE OF CONTEST OF LIEN, Ex. 53, Ex. 53A,** and **Ex. 53B.** The filing also violated FS § 817.535(2)(a) and F.S.A. § 559.72 (7) and compelled Frison to seek judicial review.

**THEREFORE,** Frison prays this Honorable Court enter judgment against SMHA Architectural Committee in their official and individual capacity and hold them jointly and severally liable, and ORDER they pay Frison Statutory, Compensatory, and Punitive Damages, and costs, as the facts and the law permit and other relief this honorable court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues and counts triable before a jury.

Date: September 9, 2021.                                     Respectfully Submitted

Lisa Ann Frison
1020 Lennox Way
Melbourne, FL 32940

Mariah A. Frison.
1020 Lennox Way
Melbourne, FL 32940

Ellis S. Frison, Jr.
1020 Lennox Way
Melbourne, FL 32940

## **VERIFICATION**

Ellis S. Frison, Jr. personally appeared before the undersigned Jennifer Clendin who being
first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand
for Jury Trial, are true and correct to the best of his knowledge, information, and belief.

STATE OF FLORIDA        )
COUNTY OF BREVARD    )

The foregoing instrument was acknowledged before me this 10th day of
September, 2021, by Ellis Frison, Jr., who has produced
FL driver's license . as identification, and who did take an oath.

JENNIFER L. CLENDINEN
Notary Public - State of Florida
Commission # GG 948365
My Comm. Expires Jan 16, 2024
Bonded through National Notary Assn.

Notary Public – State of Florida
My Commission Expires: 01/16/2024

29

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that on _9/1/2021_, I used the United States Postal Service first class mail, pre-paid postage certified mail return receipt to serve the Verified Complaint with Exhibits on the defendants and registered agents identified below as required by law:

**Suntree Master Homeowners Association, Inc.**
**Board of Directors**
7550 Spyglass Hill Road
Melbourne, FL 32940

Serve: Todd Foley
Registered Agent
7550 Spyglass Hill Road
Melbourne, FL 32940
70202450000194397830

**Suntree Master Homeowners Association, Inc.**
**Appeals Committee**
7550 Spyglass Hill Road
Melbourne, FL 32940

Serve: Todd Foley
Registered Agent
7550 Spyglass Hill Road
Melbourne, FL 32940
70202450000194397823

**Suntree Master Homeowners Association, Inc.**
**Enforcement Committee**
7550 Spyglass Hill Road
Melbourne, FL 32940

Serve: Todd Foley
Registered Agent
7550 Spyglass Hill Road
Melbourne, FL 32940
70202450000194397816

**Suntree Master Homeowners Association, Inc.**
**Architectural Review Committee**
7550 Spyglass Hill Road
Melbourne, FL 32940

Serve: Todd Foley
Registered Agent
7550 Spyglass Hill Road
Melbourne, FL 32940
70202450000194397809

**Arias Bosinger, PLLC**
**Debt Collector**
280 W. Canton Ave., Ste. 230
Winter Park, FL 32789

Serve: Sonia A. Bosinger, Esq.
Registered Agent
845 E. New Haven Ave.
Melbourne, FL 32901
70202450000194397793

**Todd Foley**
**General Manager**
7550 Spyglass Hill Road
Melbourne, FL 32940

Serve: Todd Foley
7550 Spyglass Hill Road
Melbourne, FL 32940
70202450000194397779

**Sonia A. Bosinger, Esquire**
**ARIAS BOSINGER, PLLC**
Attorneys at Law
280 W. Canton Ave., Ste. 330
Winter Park, FL 32789

Serve: Sonia A. Bosinger, Esq.
845 E. New Haven Ave.
Melbourne, FL 32901
70202450000194397786

Ellis S. Frison, Jr.